IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:16-CV-64-BO

| | |
|---|---|
| GOLDEN GROVE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| NATIONAL FUMIGATION, LLC ) | |
| D/B/A BRADLEY WARE "AKA" ) | |
| R. BRAD WARE D/B/A NATIONAL ) | |
| FUMIGATION, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the Court on plaintiffs' motion for entry of default, [DE 12], defendant's motion for relief from order [DE 19], and defendant's motion to set aside plaintiff's motion of default judgment. [DE 20]. For the reasons discussed below, plaintiff's motion for entry of default is denied and defendant's motions are granted.

## BACKGROUND

Plaintiff filed an amended complaint with this Court on May 27, 2016. Plaintiff's second amended complaint stated that defendant is operating as an LLC. [DE 7]. The South Carolina Secretary of State accepted service of the summons and amended complaint on behalf of National Fumigation, LLC, on June 9, 2016. [DE 8]. Plaintiff filed an affidavit of service indicating that the summons and amended complaint were served personally on defendant by a private process server on July 8, 2016. [DE 11].

Defendant failed to file an answer to plaintiff's complaint by the deadline on August 1, 2016. As a result of defendant's failure to answer, on August 8, 2016, plaintiff filed a motion for entry of default. [DE 12]. Plaintiff avers that his motion for entry of default was mailed to

defendant at three different addresses: the address at which defendant was served with process, the address on file with the South Carolina Secretary of State, and the address included in defendant's answer and counterclaim. [DE 21 at 6]. Defendant was given until September 1, 2016 to respond to that motion. On August 9, a day after the motion for entry of default was filed, defendant filed an answer and counterclaim, [DE 14], but did not file a response to plaintiff's motion for entry of default.

Plaintiff then moved, with consent from defendant, for an extension of time to file an answer to defendant's counterclaim. The Court granted this motion and gave plaintiff until September 19, 2016 to answer, but plaintiff did not file an answer with the Court.

The Court entered an order directing defendant to retain counsel as it appeared he was operating as an LLC and corporations, including LLCs, cannot represent themselves in federal district court. [DE 18]. Defendant was directed to retain counsel and respond to plaintiff's motion for entry of default. *Id.*

Defendant then filed a motion for relief, stating that he is not an LLC and that retaining counsel would put his family in financial jeopardy. [DE 19]. Defendant also filed a response opposing plaintiff's motion for default. [DE 20]. Plaintiff replied, arguing that default should be entered because defendant has attempted to evade service, that it is unclear how defendant is organized because he has represented himself as an LLC in some places and as a sole proprietorship in others, and because he has acted in bad faith and in a dilatory manner. [DE 21].

## DISCUSSION

The Court first addresses defendant's motion for relief from the order directing him to retain counsel. Defendant avers that he is not operating as an LLC, but as a sole proprietorship and cannot retain counsel. Plaintiff, in reply, admitted that it has been unable to determine

2

whether defendant is a legally constituted LLC because there is no official record of such company with the South Carolina Secretary of State. However, plaintiff argues that defendant has acted deceptively and purported to act as an LLC in some circumstances and as a sole proprietorship in others depending on what would be more beneficial. Plaintiff argues that, though definitive proof of defendant's status could not be ascertained, the circumstances indicate that defendant is likely an LLC, or at least should be treated as such because of his representations. In support, plaintiff submitted a Certificate of Liability Insurance received from the Pest Control Department at Clemson University in South Carolina, upon which defendant apparently applied for and was issued liability insurance to engage in fumigating products or merchandise to be shipped overseas under the name "Bradley S. Ware, National Fumigation LLC." [DE 21-2].

The Court is unable to find that defendant is a legally constituted LLC, and will accept his representations that he can adequately represent himself in this matter. Therefore, the Court will grant defendant's motion for relief from the Court's January 23, 2017 order and will allow the defendant to proceed in this matter *pro se*.

The Court now turns to plaintiff's motion for entry of default. As an initial matter, default judgments are not favored by the law, and any doubts will usually be resolved in favor of the defaulting party. There is a general policy that whenever there is doubt whether a default should be entered, the court ought to allow the case to be tried on the merits. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (the courts of appeals have "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."); *see also In Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242 (3d Cir. 1951) (in a contract action for breach of an implied warranty, the

court held that matters involving large sums of money should not be determined by default judgments if it reasonably can be avoided and any doubt should be resolved in favor of a petition to set aside the judgment so that cases may be decided on the merits).

In this matter, although not timely, defendant did eventually file an answer and counterclaim with the Court. Additionally, it does not appear that there will be prejudice to the plaintiff to allow the case to move forward so as to be decided on the merits. For these reasons, and in an abundance of caution in consideration of defendant's *pro se* status and in considering the large sum of money at stake in this matter, this Court will deny plaintiff's motion for entry of default and will allow the case to proceed to an adjudication of the merits of plaintiff's claims.

## CONCLUSION

For the foregoing reasons, defendant's motion to for relief from order [DE 19] and motion to set aside plaintiff's motion of default judgment are GRANTED. [DE 20]. Plaintiffs' motion for entry of default [DE 12] is DENIED. Plaintiff is ordered to file an answer defendant's counterclaims. The parties are reminded to comply with all court deadlines and rules and that failure to do so may result, in the Court's discretion, in sanctions against the offending party. The Clerk is DIRECTED to serve a copy of this order on plaintiff by U.S. Mail at the address of record.

SO ORDERED, this 23 day of March, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE