IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-00064-BO

| Golden Grove, Inc., | |
|---|---|
| Plaintiff, | |
| v. | **Order** |
| National Fumigation, LLC d/b/a Bradley Ware also known as R. Brad Ware d/b/a National Fumigation, | |
| Defendant. | |

Plaintiff Golden Grove, Inc., pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and Local Rules 7.1 and 26.1, moves the court to compel Defendant Brad Ware to make his initial disclosures, including any and all insurance agreements under which an insurer may be liable to satisfy all or part of a possible judgment. The court so orders Ware to make his initial disclosures and asks Golden Grove to submit its costs and Ware to demonstrate why he should not be required to pay them.

**I. Background**

Golden Grove filed its initial complaint on April 7, 2016, alleging among other things that Ware failed to properly fumigate peanuts that were to be shipped overseas. The purchaser rejected the peanuts because, upon arrival, they were infested with various creatures. Golden Grove seeks substantial monetary damages to compensate it for the rejected shipments.

Under the Court's Scheduling Order, the parties were to make their Rule 26(a)(1) disclosures no later than May 31, 2017. D.E. 26. Among the items parties must disclose under Rule 26(a)(1) are "any insurance agreement under which an insurance business may be liable to satisfy

all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). According to Golden Grove, Ware did not make any of the initial disclosures required by Rule 26.

In November 2017, Golden Grove asked Ware by mail and email for a copy of any insurance policies that may provide coverage for its claims. D.E. 29–1. After Ware failed to respond, Golden Grove moved the court in early December 2017, to compel Ware "to make [his] Rule 26(a)(1) initial disclosures, including, but not limited to, any and all insurance agreements." D.E. 29.

Well after the deadline to respond to the motion to compel passed, Ware filed a response stating that he made the disclosures required by Rule 26(a)(1) orally during the parties Rule 26(f) conference in April 2017. D.E. 31. Further, he pointed out that he had already submitted his Certificate of Liability Insurance in February 2017 and asserted that Golden Grove had contacted his insurance company and requested his policy from it even before the 26(f) conference. *Id.*; *see* D.E. 21–2. Ware also claims that he authorized his insurance carrier to provide Golden Grove with any information it requested. D.E. 31. Ware alleges that Golden Grove's November 2017 letter was the first time Golden Grove had attempted to contact him since May 2017. *Id.* He interpreted this letter to be requesting his current insurance policies rather than his 2015 policy. *Id*.

On January 10, 2018, this court ordered both parties to attend a hearing on Golden Grove's motion on January 23, 2018. D.E. 30. Golden Grove attended, but Ware failed to appear. At the hearing, Golden Grove confirmed that it had reached out to Ware's insurer, but was and has been unable to get the policy.

**II. Discussion**

Rule 26(a)(1) requires parties to litigation to disclose four categories of information: the name and contact information of those with information that is likely to be discoverable, a copy of all documents that the party has and may use in its case, a computation of damages the party claims (if any), and any insurance agreements under which an insurance company may be liable to satisfy all or part of a judgment. Every such disclosure must be written and signed either by the attorney or by the party himself, if he is unrepresented. Rule 26(g)(1). This court ordered this information be disclosed by May 31, 2017. D.E. 26. Ware has yet to do so.

When one party fails to make his Rule 26(a) disclosures, the other party may move to compel disclosure and may request appropriate sanctions. Rule 37(a)(3)(A). The evidence shows that Ware failed to provide the disclosure required by Rule 26(a)(1) in writing within the time specified by the Scheduling Order. Thus, the motion to compel shall be granted.

Under Rule 37(a)(5), if a court grants a motion to compel, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The only exception to this rule is if the party who failed to comply with their discovery obligations can show that "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* at Rule 37(a)(5)(A)(i)-(iii).

Accordingly, Golden Grove shall file an affidavit setting out the reasonable attorney's fees and other expenses it claims, along with a supporting memorandum and any other supporting documents no later than February 8, 2018. Ware may file a response to Golden Grove's filing

within 14 days after it is served, but in no event later than February 22, 2018. He may address in his response not only the reasonableness of the expenses claimed by Golden Grove, but also any grounds upon which he contends expenses should not be awarded against him. If Ware does not file a response by that date, the court will deem him to have no objection to the fees and other expenses claimed by Golden Grove. The court will thereafter enter an order setting the amount due and the deadline for payment.

### III. Conclusion

In light of the foregoing, the court grants Golden Grove's Motion to Compel and orders the following:

1. Within fourteen days of entry of this order, Ware shall make his initial disclosures to Golden Grove pursuant to Rule 26(a)(1) in writing and signed according to Rule 26(g).

2. Further, within fourteen days of entry of this order, in addition to the Certificate of Liability Insurance he disclosed in February 2017 (D.E. 21–2), he shall either a) provide counsel for Golden Grove with a copy of any insurance agreements which may provide coverage for the claims raised in Golden Grove's pleadings or b) authorize his insurance carrier in writing to disclose any insurance agreements which may provide coverage for the claims raised in Golden Grove's pleadings to counsel for Golden Grove and provide Golden Grove's counsel with a copy of the authorization.

3. Golden Grove's requests for fees and expenses will be ruled on after the briefing described above has been completed.

Dated: January 25, 2018

_Robert T. Numbers II_
Robert T. Numbers, II
United States Magistrate Judge